Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 DEC 12 PM 2: 12

CLERK OF COURT
BY

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FRANK E. PANGELINAN, ) | CASE NO. CV0187-06 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | **Decision and Order on Defendant's** |
| AS AN INSTRUMENTALITY OF THE ) | **Motion to Dismiss** |
| GOVERNMENT OF GUAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 10, 2012 on Defendant's Motion to Dismiss. Attorney William Bischoff represented Defendant, Department of Corrections. Also present was Frank E. Pangelinan, acting *pro se*. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff filed this negligence action against the Department of Corrections on February 23, 2006. Following denial of Defendant's pre-answer motion to dismiss, Defendant filed its Answer on April 25, 2008. The case received no attention until January 10, 2011, when Defendant filed a motion to dismiss for failure to prosecute. Shortly thereafter, Plaintiff filed a motion for appointment of counsel. This Court held a hearing on Plaintiff's motion and denied his request for appointed counsel. The Court then held the hearing on Defendant's motion to dismiss. Based on the

applicable law and the unique circumstances of this case, this Court finds that denial of Defendant's motion at this time is appropriate.

## DISCUSSION

Defendant asserts that Plaintiff has not taken any substantive action to move this case forward in the time since Defendant filed its Answer in 2008 and Defendant therefore moves for dismissal for failure to prosecute under Rule 41(b) of the Guam Rules of Civil Procedure. Rule 41(b) allows for dismissal where a plaintiff fails to prosecute an action or fails to comply with a court order or Guam's rules of procedure. However, "a trial court may not lightly dismiss an incarcerated individual's suit for failure to prosecute." Hernandez v. Whiting, 881 F.2d 768, 771 (9th Cir. 1989) (applying the identical federal counterpart to Guam's Rule 41(b); see also Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996) ("Where a plaintiff is acting *pro se,* the Second Circuit has warned district courts to be 'especially hesitant' when dismissing a case for 'procedural deficiencies.'"). In determining whether to grant a motion to dismiss for failure to prosecute under Rule 41(b), this Court applies the five-factor test adopted by the Guam Supreme Court in Santos v. Carney, 1997 Guam 4. Under that test the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. ¶ 5 (quoting In re Eisen 31 F.3d 1447, 1451 (9th Cir. 1994)). "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal. Park v. Kawashima, 2010 Guam 10 ¶ 10.

### a. Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

"The docket management factor is ordinarily considered in conjunction with the public's interest in the expeditious resolution of litigation in determining

whether there was an unreasonable delay." Santos v. Carney (citing In re Eisen, 31 F.3d at 1452). This Court need not devote extensive analysis to these two factors as it is clear that given the years that this case has sat on this court's docket with sporadic motion filings and hearings and yet no progress towards discovery or trial, the goal of efficiently resolving cases as well as this court's need to manage its docket strongly favors dismissal.

### b. Risk of Prejudice to Defendant

"Unnecessary delay inherently increases the risk that memories will fade and evidence will become stale." Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 19. (citing Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899 (1968)). Thus, "[o]nce a delay is determined to be unreasonable, prejudice . . . is presumed." Santos 1997 Guam 4 ¶ 8. Here, Plaintiff's only excuse for the delay is the fact that Plaintiff is proceeding *pro se*. While this Court recognizes that a court may grant some leeway to an incarcerated *pro se* litigant, simply pointing to one's *pro se* or incarcerated status is not a valid excuse for a plaintiff's failure to diligently prosecute his case. Snavley v. Redman, 107 F.R.D. 346, 348 (E.D. Mich, 1985) ('The fact that plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner.") Thus, the delay here does not appear to be entirely reasonable.

However, this Court notes that fault for the delay does not rest fully with Plaintiff. At the time of this motion, the case had not proceeded beyond the pleading stage despite the fact that *both* parties share the responsibility under Rule 26(f) for scheduling a meeting to discuss discovery and other matters related to the efficient resolution of the case. That rule specifically states:

> The attorneys of record and all unrepresented parties that have appeared in the case are *jointly* responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.

GRCP 26(f) (emphasis added). There is no indication that Defendant has made any attempt to contact Plaintiff regarding the Rule 26(f) conference, and it is entirely possible that had Defendant's counsel attempted to schedule a conference (as he may do under rules), and had the parties conferred and submitted a proposed scheduling order (as required by the rule), that the hard deadlines would have spurred Plaintiff to action. Therefore, the prejudice to Defendant resulting from the delay is offset by Defendants' own complicit actions in failing to work with Plaintiff to craft a discovery plan and present a proposed schedule to this Court. As a result, this Court finds that this third factor weighs only slightly in favor of Defendant.

c. Public Policy Favoring Disposition of Cases on their Merits

"Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" Park v. Kawashima, 2010 Guam 10 ¶ 22 (quoting *In re Estate of Concepcion v. Siguenza,* 2003 Guam 12 ¶ 23.). Generally "[i]t is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" Santos, 1997 Guam 4 ¶ 9 (quoting Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir.1976)). This Court is not convinced that Plaintiff has completely ignored his responsibility to diligently prosecute this action. Plaintiff asserts that his incarceration and *pro se* status are responsible for the delay. Although this Court recognizes that these circumstances may cause some difficulties for Plaintiff, the Court again notes that Plaintiff's status does not relieve him of his obligation to move his case forward. Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991) (finding dismissal of incarcerated, *pro se* plaintiff's case proper where plaintiff failed to comply with discovery deadlines and other relatively straightforward procedures). However, given Plaintiff's unique circumstances, this Court finds that resolution of this case on its merits is most desirable and, when weighed against the first two

factors, the policy favoring disposition of cases on their merits tips in favor of denying dismissal.

### d. Availability of Less Drastic Sanctions

The fifth and final factor requires this Court to consider whether less drastic alternatives to dismissal are available. Two possible alternatives are monetary sanctions and a formal warning. Considering plaintiff's circumstances, monetary sanctions are likely not appropriate. Plaintiff has not, however, received a warning or admonishment that further delay may result in dismissal.[1] This Court finds that an admonishment for Plaintiff to act diligently in the future and a warning that a failure to act with diligence will result in dismissal constitutes an appropriate lesser alternative sanction to dismissal. See Quansah v. City of San Jose, 902 F.2d 40 (9th Cir. 1990) (district court's consideration of a prior warning that failure to press case would result in dismissal satisfied the district court's obligation to consider less drastic alternatives to dismissal). This factor therefore weighs in favor of denying dismissal.

## CONCLUSION

Only three of the Santos factors weigh in favor of dismissal in this case and only two of those strongly favor dismissal. This Court therefore finds that dismissal for failure to prosecute is not appropriate at this time. Defendant's motion to dismiss is hereby **DENIED**.

---

[1] In this jurisdiction, a trial court need not issue a warning or lesser sanction prior to dismissal on a Rule 41(b) motion, Santos v. Carney, 1997 Guam 4 ¶ 10, though this Court does at least note that other jurisdictions have held that a trial court should issue explicit warnings prior to dismissing a case. See Berry v. S. Carolina Dept. of Soc. Services, 121 F.3d 697 (4th Cir. 1997); Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993) ("judge should not dismiss a case [under Rule 41(b)] without due warning to the plaintiff's counsel.").

This Decision does, however, serve as a warning to Plaintiff that any further delay on his part may result in dismissal of this case. Plaintiff must comply with the Rules of Civil Procedure governing the litigation process and must diligently pursue his claims. Defense counsel must also recognize his own responsibilities with regards to meeting with Plaintiff and engaging in the pre-discovery discussions that must take place before this case can proceed to the next stage of litigation.

As there is no indication that the parties have engaged in a discovery conference as required by Guam Rule of Civil Procedure 26(f), this Court vacates its prior order establishing discovery and motion deadlines and hereby orders Plaintiff and defense counsel confer regarding their disclosure and scheduling obligations under Rule 26(f). The parties shall communicate regarding their Rule 26(f) obligations prior to the next scheduling conference, which is set for January 28, 2013 at 2 p.m. At that time, the Court will issue the Scheduling Order.

It is **SO ORDERED** this 18th day of December, 2012.

DEC 1 8 2012

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

DEC 1 8 2012

Esther L. S. Pinaula
Deputy Clerk, Superior Court of Guam

-6-